IRVIN KNUDSON v. MILTON SCHWARTZ.

Submitted May 17, 1929—Decided July 26, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Louis F. Sellyei.*

For the defendant, *Samuel H. Berlin.*

PER CURIAM.

The case arises out of a collision at one-thirty A. M. at the crossing of New Brunswick avenue and Convery Place, in Perth Amboy, between a Ford milk truck, operated by plaintiff and proceeding westerly on New Brunswick avenue, and a Durant sedan driven by defendant, coming northerly on Convery Place from the Raritan bridge. Plaintiff was on his way to Raritan township with a load of milk in bottles to make his early morning deliveries. Defendant had his wife with him, and the two were on their way from the shore to their home in Union county. Plaintiff brought suit, laying the venue in Middlesex, and defendant did likewise, laying the venue in Union, but the two actions were consolidated for trial. The jury found against defendant on his claim, and in favor of Knudson in the present suit, awarding him a verdict of $3,000, which is attacked as against the weight of evidence, and excessive.

We conclude that it was against the weight of evidence, without giving any special consideration to the amount. It is true that Knudson claimed that he had come within a foot

of a full stop and that Schwartz caught the front of his truck in passing. But the jury plainly disregarded the convincing evidence of Schwartz's car, which showed no injury in front or rear, but the plainest possible marks of a heavy blow squarely in the middle of the right side, a smashed runboard and deeply dented right front door. It is quite obvious that the truck was moving, and at considerable speed, and this is confirmed by the fact that it was caught firmly enough in Schwartz's car to be swung completely around to its right, facing back to Perth Amboy. Whatever be the negligence of Schwartz in crossing New Brunswick avenue at a rate of speed sufficient to move a loaded truck in this manner, Knudson admits that he saw it coming, and coming "so fast that he knew he could not make it across in front of it." He adds that he put on his brakes and stopped—the mute evidence of Schwartz's car shows that he did not. The case seems clearly to present a situation in which, admitting that Knudson had the right of way, which may well be the case, it was obvious to him that Schwartz was not going to respect his rights—and in that situation he was guilty of contributory negligence by going on. *Connolly* v. *Public Service Railway Co.*, 94 *N. J. L.* 157. Knudson's case is not helped by his knowledge that Convery Place was the main road from the Jersey shore and that the crossing of this road with the main road between Perth Amboy and New Brunswick was inherently dangerous.

The rule will be made absolute.